# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:12cr25

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DEBORAH LEE TIPTON, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's:

(1) Motion to Suppress (#16);

(2) Motion for Leave to File Pretrial Motions (#18);

(3) Motion to Disclose Documents (#19);

(4) Motion for Independent Forensic Examination of Computer Hardware, Computer Software, and Visual Images (#20);

(5) Motion for Discovery (#21);

(6) Fredilyn Sison's Motion to Withdraw as Counsel of Record (#23); and

(7) Motion for Privacy/Protective Order (#24).

A hearing was conducted on June 11, 2012, at which defendant appeared and was represented by counsel. After careful consideration of the arguments presented, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Motion to Suppress

At the commencement of the hearing, the parties informed the court that they would not be arguing the motion.

**II.     Motion for Leave to File Pretrial Motions**

Defendant has also filed a motion for leave to file pretrial motions. It appearing that such extension is necessitated by the late appearance of retained counsel, the request will be allowed, and defendant will be allowed an addition1 30 days within which to file all pretrial motions.

**III.    Motion to Disclose Documents and Motion for Discovery**

The court has considered defendant's Motion to Disclose Documents and Motion for Discovery. The court directs that defense counsel be allowed to inspect and photocopy (or be provided such information in electronic format), prior to trial, the information, reports or objects discoverable under Rules 16(a)(1)(A), (B), (C), and (D) of the Federal Rules of Criminal Procedure, the government shall disclose to defense counsel all <u>Brady</u> material which is in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence should become known, to the attorney for the government, and that, pursuant to Rule 12 (d)(2), the government disclose to defense counsel its intention to use in its evidence in chief at trial any evidence which the defense may be entitled to discover under Rule 16. The government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments or copies thereof which are in the possession, custody or control of the government. Further, the court incorporates herein the Standard Criminal Discovery Order used in the Asheville Division.

All such disclosures and productions shall, however, be subject to entry of a protective order or the execution of an agreement concerning use of such materials due to the privacy interests involved in this case.

**IV.    Motion for Independent Forensic Examination of Computer Hardware, Computer Software, and Visual Images**

Subject to applicable protocols concerning the preservation and forensic testing of evidence and further subject to any reasonable restrictions, defendant shall be allowed at her own expense to

conduct an independent forensic examination of electronically stored data and images in the government's possession. To the extent possible, the government's forensic examiner shall share, subject to conditions concerning chain of custody and possession of contraband, with defendant's forensic examiner the section of the computer, the software used, the origin of images, and a copy of the forensic exam, which shall also be subject to any protective order or use agreement.

V.    **Motion for Privacy/Protective Order**

In advance of the hearing, the court sealed all pleadings that had identified the child victim or other minors. Inasmuch as these records will eventually be sent to National Archives (where matters cannot be sealed), the court will strike defendant's as well as the government's sealed pleadings that contain child-victim identifiers, and all counsel shall refile such pleadings in redacted form. Before filing, counsel should meet and exchange proposed filings so that problems can be identified before they become part of the public record.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's

(1) Motion to Suppress (#16) is **CONTINUED** to a date for hearing to be determined by Judge Reidinger;

(2) Motion for Leave to File Pretrial Motions (#18) is **GRANTED** as provided above;

(3) Motion to Disclose Documents (#19) is **GRANTED** as provided above;

(4) Motion for Independent Forensic Examination of Computer Hardware, Computer Software, and Visual Images (#20) is **ALLOWED** as provided above and under such conditions and at such time and place as may be required by the United States Attorney to assure both the integrity of the

evidence and access to the materials in a lawful manner;

(5) Motion for Discovery (#21) is **ALLOWED,** and the Standard Discovery Order of the Asheville Division of this court is entered as provided above;

(6) Fredilyn Sison's Motion to Withdraw as Counsel of Record (#23) is **ALLOWED**, and Ms. Sison is relieved from further representation of defendant in this matter; and

(7) Motion for Privacy/Protective Order (#24) is **ENTERED**, pleadings, (#16), (#16-1), (#17), (#22), and (#26) are **STRICKEN** without prejudice, and counsel shall file revised pleadings deleting all names and other personal identifiers of any minors, using the term "child victim" for the victim and identifying any non-victim child who <u>must</u> be mentioned in the manner required by Rule 49.1, Fed.R.Crim.P. Counsel should avoid filing pleadings that, through deduction and inference, would identify the child victim or other children even after redaction, unless such pleading is absolutely needed in furtherance of some substantive motion.

Signed: June 18, 2012

Max O. Cogburn Jr.
United States District Judge

-4-